CITY OF DALLAS and Christopher
Harmon, Appellants,

v.

HALF PRICE BOOKS, RECORDS,
MAGAZINES, INC., Appellee.

No. 05–93–01808–CV.

Court of Appeals of Texas,
Dallas.

Aug. 18, 1994.

V. Denise Duckworth, Dallas, for appellants.

Kevin J. Keith and David G. Hart, Dallas, for appellee.

Before LAGARDE, MALONEY and WHITTINGTON, JJ.

## OPINION

MALONEY, Justice.

This is a summary judgment case. The City of Dallas and Christopher Harmon moved for summary judgment on Harmon's defense of qualified immunity.[1] The City and Harmon appeal the trial court's denial of their motion for summary judgment.

### FACTUAL BACKGROUND

Half Price Books, Records, Magazines, Inc. had parking lot problems because of a nearby nightclub's customers. Half Price Books hired Harmon, a City of Dallas police officer, as general security for the store. The Dallas Police Department approved Harmon's off-duty assignment. Harmon wore his uniform while working for Half Price Books.

One night as Harmon escorted several Half Price Books's employees to their cars, one of the employees saw two men crawling behind cars in an adjacent parking lot. The employee directed Harmon's attention to the two men. The men were removing a taillight lens from a car. When the two men saw Harmon coming toward them, they ran for their truck. Harmon followed them to their truck. When Harmon reached their truck, he said "Police, open the door."

Harmon opened the passenger's door and told the passenger to get out of the truck. Harmon told the driver, who was "fumbling" with his keys, not to start the truck. The driver started the truck.

As the truck began to move, Harmon reached across the passenger and took the keys from the truck's ignition. Harmon repeated his instructions to the passenger to get out of the truck. When the passenger did not comply, Harmon forcibly removed the passenger. A struggle ensued.

During the struggle, the driver recovered the keys and started the truck again. Har-

---

1. The City also moved for summary judgment on sovereign immunity and plaintiff's failure to give notice under the Texas Tort Claims Act. On appeal, it is asserting only that the trial court erred in not granting it summary judgment because of Harmon's right to summary judgment.

*See City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993). We have jurisdiction over the City's point of error only to the extent that it is based on Harmon's assertion of qualified immunity. *Id.*

mon dove across the front seat and grabbed for the keys. As Harmon lay across the front seat, the driver moved the truck and the passenger began hitting Harmon from behind. Harmon repeatedly told the driver to stop the truck. The driver continued to drive away. Harmon shot the driver. The driver died.

## PROCEDURAL BACKGROUND

The driver's estate sued Half Price Books, the City of Dallas, and Harmon, individually. Half Price Books cross-claimed for indemnity against the City and Harmon. Harmon asserted a qualified immunity defense against Half Price Books's indemnity claims. Harmon and the City jointly moved for summary judgment on Harmon's immunity defense. The trial court denied the joint motion for summary judgment.

## SUMMARY JUDGMENT

■ Ordinarily, we do not review the trial court's denial of summary judgment. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982). However, Texas statutes allow appeal from the denial of summary judgment based on a person's qualified immunity. TEX.CIV.PRAC. & REM.CODE § 51.014(5) (Vernon Supp.1994). We may also review the denial of a governmental entity's motion for summary judgment that is based on its employee's qualified immunity defense. *City of Houston v. Kilburn,* 849 S.W.2d 810, 811–12 (Tex.1993) (citing TEX.CIV.PRAC. & REM.CODE § 101.021(1) (Vernon 1986)).

■ Qualified immunity is an affirmative defense. *Boozier v. Hambrick,* 846 S.W.2d 593, 597 (Tex.App.—Houston [1st Dist.] 1993, no writ). When a party seeks summary judgment on an affirmative defense, it must prove conclusively all elements of the affirmative defense. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). No disputed question of material fact can remain on the affirmative defense. *Black v. Victoria Lloyds Ins. Co,* 797 S.W.2d 20, 27 (Tex.1990).

■ To determine whether a disputed issue of material fact exists, we take as true all evidence favorable to the nonmovant, in-

dulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). A fact is established as a matter of law if ordinary minds cannot differ on the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982); *Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 657–58 (Tex.App.—Dallas 1992, no writ).

## IMMUNITY

### 1. Applicable Law

■ Police officers performing discretionary duties in good faith and acting within the course and scope of their employment are immune from personal liability under the doctrine of qualified immunity. *See Dent v. City of Dallas,* 729 S.W.2d 114, 117 (Tex. App.—Dallas 1986, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988); *Edgar v. Plummer,* 845 S.W.2d 452, 453–54 (Tex.App.—Texarkana 1993, no writ). If a police officer is immune from tort liability under the qualified immunity doctrine, the city is also immune. *City of Houston v. Newsom,* 858 S.W.2d 14, 19 (Tex.App.—Houston [14th Dist.] 1993, no writ); *see* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(1)(B) (Vernon 1986).

■ A discretionary act involves personal deliberation, decision, and judgment. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 654 (Tex.1994). We focus on "whether the officer is performing a discretionary function, not on whether [he] has discretion to do an allegedly wrongful act while discharging that function." *Id.* at 653. If, how, and when to arrest a suspect is within a police officer's discretion. *See Dent,* 729 S.W.2d at 116. An officer may use force, even deadly force, to protect himself. TEX.PENAL CODE ANN. § 9.51(a)-(c) (Vernon 1974); *see Newsom,* 858 S.W.2d at 16–17; *Vasquez v. Hernandez,* 844 S.W.2d 802, 805

(Tex.App.—San Antonio 1992, writ dism'd w.o.j.).

 The Texas Supreme Court has recently clarified the good faith standard in official immunity cases. *See Chambers,* 883 S.W.2d at 656. Under *Chambers,* an officer acts in good faith if a "reasonably prudent officer, under the same or similar circumstances, could have believed that" his acts were justified. *Id.*

 Police officers have a duty to prevent crime and arrest offenders. TEX.CODE CRIM.PROC.ANN. art. 2.13 (Vernon 1977). An off-duty police officer who observes a crime immediately becomes an on-duty police officer. *See Hafdahl v. State,* 805 S.W.2d 396, 401 (Tex.Crim.App.1990); *Vernon v. City of Dallas,* 638 S.W.2d 5, 8–9 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *see also* TEX.CODE CRIM.PROC.ANN. art. 2.13 (Vernon 1977).

### 2. Application of Law to the Facts

 When Harmon saw a crime being committed, he ceased being an employee or independent contractor[2] of Half Price Books and became an on-duty police officer. As a matter of law, Harmon was an on-duty police officer at all relevant times. As an on-duty police officer, Harmon exercised discretion in the method and manner in which he arrested the deceased.

Harmon's summary judgment evidence on good faith contained no reference to whether a "reasonably prudent officer, under the same or similar circumstances, could have believed that" his decision—to draw and fire his gun in an attempt to stop the fleeing suspects—was justified.[3] The summary judgment evidence is insufficient to conclusively show good faith under *Chambers.* We overrule Harmon's and the City's points of error.

---

2. We note that the parties dispute whether he was an employee or independent contractor at the time in question.

3. Harmon's summary judgment evidence on good faith was as follows:
   At all times during this incident, I was acting in good faith and within the scope of my discretionary authority as a police officer. I made the decision to discharge my weapon because I was in immediate fear of serious

We affirm the trial court's denial of summary judgment. We remand this case to the trial court for further proceedings.

---

bodily injury or death. I attempted to exercise other options but ultimately the only option I had left was to discharge my weapon. State law and departmental regulations permit the use of deadly force to protect a person from imminent serious bodily injury or death. My actions were consistent with State law and departmental regulations, and I did not violate clearly established law of which a reasonable person would have known.