Motion for Rehearing En Banc Overruled and Memorandum Opinion of
December 16, 2003 Withdrawn; Affirmed and Substitute Opinion filed November 18,
2004









Motion for Rehearing En Banc Overruled and Memorandum
Opinion of December 16, 2003 Withdrawn; Affirmed and Substitute Opinion filed
November 18, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00398-CV

____________

 

HARRIS COUNTY, Appellant

 

V.

 

BARBARA GIBBONS, Appellee

 



 

On Appeal from the 189th
District Court  

Harris County, Texas

Trial Court Cause No. 00-01523

 



 

O P I N I O N  O N  R
E H E A R I N G

We withdraw the opinion of December 16,
2003 and issue this opinion on rehearing. 
Appellant’s Motion for Rehearing En Banc is overruled.








In this negligence action, Harris County
appeals a judgment in favor of appellee, Barbara Gibbons, on the grounds that:
(1) the evidence was legally and factually insufficient to support the jury’s
finding that a Harris County deputy was acting within the scope of his
employment at the time of the accident at issue; and (2) the trial court erred
in ignoring the jury’s finding that the deputy was acting in good faith.  We affirm.

I.  Background

The facts in this case are essentially
undisputed.  Harris County Deputy
Sheriff  Robert Barber rear-ended an
automobile driven by Barbara Gibbons.  At
the time of the accident, Barber was driving a Harris County Sheriff’s
Department patrol car; however, his shift as a Harris County deputy sheriff had
ended and he was on his way to another job. 
The accident occurred when Barber, stopped at a red light behind
Gibbons’ vehicle, entered the license number of an adjacent truck into his
on-board computer terminal to determine if it was stolen.  As Barber glanced down at the terminal to see
the results of his query, the patrol car moved forward, striking Gibbons’
vehicle.  

Gibbons sued Harris County under the Texas
Tort Claims Act[1]
for personal injuries suffered as a result of the accident.[2]  The matter was tried to a jury and judgment
was rendered against Harris County in the amount of $27,000.  

II. 
Scope of Employment








In its first issue, Harris County argues
that the evidence at trial was legally and factually insufficient to support
the jury’s finding that Barber was acting in the course and scope of his
employment at the time of the accident. 
Harris County sets forth several assertions in support of its argument:
(1) Barber was on his way to a personal errand and the county had not directed
his route, therefore, analogizing to workers compensation cases, Barber was
considered off-duty; (2) Barber did not actually see any criminal activity
taking place, and therefore he was not acting within the scope of his
employment; (3) Barber was benefitting himself by using the patrol car, thus,
under the “dual purpose doctrine” Barber was off-duty; and (4) under the
language of section 612.005 of the Texas Government Code,[3]
Barber’s use of the patrol car is insufficient to establish he was acting in
the course and scope of employment.  

A. 
Standard of Review

When a party attacks the legal sufficiency
of an adverse finding on an issue it did not have the burden to prove at trial,
it must demonstrate that there is no evidence to support the adverse
finding.  Price Pfister, Inc. v. Moore
& Kimmey, Inc., 48 S.W.3d 341, 347 (Tex. App.—Houston [14th Dist.]
2001, pet. denied) (citing Croucher v. Croucher, 660 S.W.2d 55 (Tex.
1983)).  In reviewing a no-evidence
issue, we consider only the evidence favoring the finding, disregarding all
direct and circumstantial evidence to the contrary.  Id. (citing Lenz v. Lenz, 79
S.W.3d 10, 13 (Tex. 2002)).  We are
“required to determine whether the proffered evidence as a whole rises to a
level that would enable reasonable and fair-minded people to differ in their
conclusions.”  Transp. Ins. Co. v.
Moriel, 879 S.W.2d 10, 25 (Tex. 1994). 
 

A challenge to the legal sufficiency of
the evidence must be sustained when the record discloses one of the following:
(1) a complete absence of evidence of a vital fact; (2) the court is barred by
rules of law or evidence from giving weight to the only evidence offered to
prove a vital fact; (3) the evidence offered to prove a vital fact is no more
than a mere scintilla; or (4) the evidence conclusively establishes the
opposite of a vital fact.  Merrell Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  “When the evidence offered to prove a vital
fact is so weak as to do no more than create a mere surmise or suspicion of its
existence, the evidence is no more than a scintilla and, in legal effect, is no
evidence.”  Kindred v. Con/Chem, Inc.,
650 S.W.2d 61, 63 (Tex. 1983).[4]       








 

B. Analysis

Under the doctrine of sovereign immunity,
governmental entities are not liable for the negligence of their employees
absent a constitutional or statutory waiver of immunity.  Univ. of Tex. Med. Branch v. York, 871
S.W.2d 175, 177 (Tex. 1994); City of El Paso v. W.E.B. Invs., 950 S.W.2d
166, 169 (Tex. App.—El Paso 1997, pet. denied). 
Whether there has been a statutory waiver of immunity is a question of
law for the court to decide based upon the facts of the case.  City of El Paso, 950 S.W.2d at 169. 

As noted, Gibbons brought suit against
Harris County under the Act, which provides that a governmental unit is liable
for personal injuries caused by the wrongful act, omission, or negligence of an
employee acting within the scope of his employment if the personal injury was
the result of the operation or use of a motor-driven vehicle and the employee
would be liable to the claimant under Texas law.  Tex.
Civ. Prac. & Rem. Code § 101.021(1). 
“Scope of employment” is defined in the Act as “the performance for a
governmental unit of the duties of an employee’s office or employment and
includes being in or about the performance of a task lawfully assigned to
an employee by competent authority.”  Id.
§ 101.001(5) (emphasis added).  








Essentially, Harris County argues that
Deputy Barber could not be acting within the scope of his employment because he
was off-duty.  However, scope of
employment is not determined simply on the basis of whether an officer is
technically off- duty or on-duty.  Indeed,
it is well established that an off-duty officer can still be engaged in the
lawful discharge of his duties.  See
Morris v. State, 523 S.W.2d 417, 418 (Tex. Crim. App. 1975); Wood v.
State, 486 S.W.2d 771, 774 (Tex. Crim. App. 1972); Firemen’s &
Policemen’s Civil Serv. Comm’n v. Burnham, 715 S.W.2d 809, 811 (Tex. App.—Austin 1986, writ
denied).  Instead, when
determining the status of an officer, we must ask “in what capacity was the
officer acting at the time he committed the acts for which the complaint was
made?”  Blackwell v. Harris County,
909 S.W.2d 135, 139 (Tex. App.—Houston [14th Dist.] 1995, writ denied).  If an officer is performing a public duty,
such as enforcement of general laws, he is acting “in the course and scope of
his employment as a police officer even if the [private] employer directed him
to perform the duty.”  Bridges v.
Robinson, 20 S.W.3d 104, 111 (Tex. App.—Houston [14th Dist.] 2000, no
pet.), disapproved of on other grounds, Telthorster v. Tennell,
92 S.W.3d 457, 464 (Tex. 2002); see Mansfield v. C.F. Bent Tree
Apartment Ltd. P’ship, 37 S.W.3d 145, 150 (Tex. App.—Austin 2001, no pet.);
see also Blackwell, 909 S.W.2d at 139. 
Moreover, every peace officer has a duty to preserve the peace.  Mansfield, 37 S.W.3d at 151; City
of Dallas v. Half Price Books, Records, Magazines, Inc., 883 S.W.2d 374,
377 (Tex. App.—Dallas 1994, no writ) (“Police officers have a duty to prevent
crime and arrest offenders.”).  An
officer is not relieved of this duty simply because he is “off-duty.”  Blackwell, 909 S.W.2d at 139.  In fact, as a matter of law, an off-duty
officer who observes a crime becomes an on-duty peace officer.  City of Dallas, 883 S.W.2d at 377; see
also Mansfield, 37 S.W.3d at 149–50. 
When there is no immediate crime and the off-duty officer is protecting
a private employer’s property or otherwise enforcing a private employer’s rules
or regulations, the trier of fact determines whether the officer was acting as
a public officer or as a servant of the employer.  Mansfield, 37 S.W.3d at 150; see
Blackwell, 909 S.W.2d at 139–40. 








Here, Barber testified that he checked the
license plate number of the truck to “stop possible crime” and there was “just
cause” to believe the vehicle may have been stolen.  According to Barber, several factors led
him to believe the car may have been stolen: (1) it was a vehicle normally
known to be stolen in Harris County and across the nation, and was “favored” by
thieves; (2) there was damage to the driver’s side lock; and (3) there was a male
driving it.  Because of these factors,
Barber testified it was his “duty to check it out.”  Barber also stated that, according to Harris
County’s policy, he is on call twenty-four hours a day, seven days a week, and
is required to carry his gun, badge, and identification at all times.  He is expected to react to any breach of the
peace at the moment it occurs, and stated he was doing so when he struck
Gibbons’ car.  Also, when the accident
occurred Barber had the option to have his radio signed off; however, he was
signed on and, had he received any calls, he was required to respond.  

Barber testified further that he was
entitled to compensatory time regarding the incident because he was
investigating a potentially stolen vehicle.[5]  Following the accident, Barber went to his
substation and filled out the necessary forms required by the county when an
officer is involved in an accident.[6]  Barber testified further that he was doing
his job by checking the license plate and was doing it for the citizens of
Harris County.  We find this testimony
legally sufficient to establish that, when Barber checked the license number of
the truck, he was acting to prevent crime and was within the scope of his
employment as a Harris County deputy sheriff. 
Cf. Turnage v. JPI Multifamily, Inc., 64 S.W.3d 614, 621 (Tex.
App.—Houston [1st Dist.] 2001, no pet.) (portion not designated for
publication) (noting a reasonable suspicion may trigger an off-duty officer’s
“public duty”). 








Although Barber may have been technically
“off-duty” at the moment of the accident, his actions—admittedly the direct
cause of the accident—were within his capacity as a peace officer.  Barber was glancing at his on-board computer,
examining the results of the license plate check he had conducted based upon
his suspicion that the truck may have been stolen.  Those actions fall squarely within the
performance of his duties as a deputy sheriff. 
Indeed, had Barber determined the truck was in fact stolen, he had the
obligation as a peace officer to pursue it. 
A private individual would not have had the ability to run a license
check on an in-board computer, nor the responsibility to apprehend the suspect.[7]  See City of Dallas, 883 S.W.2d at 377;
see also Garner v. Saunders, 281 So. 2d 392, 393 (Fla. Dist. Ct. App.
1973) (concluding that the city’s regulation that an officer always carry a
weapon was probative of whether he was acting in the scope of employment).  

Barber was acting at the time of the
accident in furtherance of the public interest by acting on his suspicion that
the vehicle had been stolen.  Therefore,
Barber was performing a police function in checking the truck’s license plate
and was acting within the scope of his employment as a Harris County deputy
sheriff, as that term is defined under the Act. 
See City of Houston v. Love, 612 S.W.2d 211, 213 (Tex.
App.—Houston [14th Dist.] 1980, writ denied) (finding that an off-duty officer
was in the scope of his employment when a traffic accident occurred while on
his way back from the city garage because he was required to take his patrol
car in for servicing); Cuellar v. City of San Antonio, 821 S.W.2d 250,
256 (Tex. App.—San Antonio 1991, writ denied) (concluding that evidence
indicating an officer was off-duty at the time of a murder was insufficient to
establish the officer was not acting “under color of law,” particularly when
testimony established that the city’s regulations suggested an officer was
considered to be on-duty twenty-four hours a day); see also Holland v. City
of Houston, 41 F. Supp. 2d 678, 700 (S.D. Tex. 1999) (noting that the
Houston Police Department Manual provided that a technically off-duty officer
was not relieved of his responsibility to take prompt and proper police action
and finding that an off-duty officer became immediately on-duty when a fight
began).[8]  








Finally, we address Harris County’s
argument that section 612.005(b) of the Texas Government Code governs this
case.  Section 612.005(b) provides:

The governing body
of a political subdivision shall provide for insuring each law enforcement
officer appointed or employed by the political subdivision against liability to
third persons arising out of the officer’s operation of a motor vehicle owned,
leased, or otherwise controlled by the political subdivision at any time that
the officer is authorized to operate the vehicle, including times that the
officer is authorized to operate the vehicle while off duty.  

Tex. Gov’t Code § 612.005(b)
(emphasis added).  Harris County reasons
that, because the statute makes reference to an officer being off-duty, an
officer can be off-duty while driving a patrol car.  Although we agree with this latter premise,
it does not address the issue in this case. 
Here, we must determine whether Barber, technically “off-duty,” was
performing a police function such that he was acting within the “scope of
employment” as that term is defined under the Act.  Clearly, the statute does not address whether
Barber’s actions brought him within the scope of employment.  

Harris County also asserts that just
because a deputy is in a patrol car, he is not necessarily on-duty.[9]  We agree. 
However, we do not agree that a deputy cannot act within the scope of
his employment because he is technically off-duty.  Harris County’s argument is too simplistic an
approach and overlooks established precedent. 
Although Barber had not specifically witnessed any criminal activity, he
had a suspicion that the vehicle may have been stolen and pursued that
possibility.  As a consequence, the
accident occurred.  Barber’s actions
involved more than simply being in a patrol car.

Based upon the foregoing, we conclude that
the evidence was legally sufficient to support the jury’s finding that Barber
was acting within the scope of his employment at the time of the accident.  We overrule appellant’s first issue.








III. Official
Immunity

As an alternative to its first issue,
Harris County argues that if we conclude Barber was acting within the scope of
his employment, it is entitled to official immunity because the jury found
Barber was also acting in good faith.[10]  Although the trial court submitted a question
to the jury regarding good faith, it disregarded the jury’s finding on the
issue.  In its second issue, Harris
County contends the trial court erred in disregarding the jury’s finding that
Barber acted in good faith.

A trial court may disregard a jury finding
if the finding is not supported by the evidence or if the issue is
immaterial.  Spencer v. Eagle Star
Ins. Co. of Amer., 876 S.W.2d 154, 157 (Tex. 1994); Harris County v.
Garza, 971 S.W.2d 733, 735 (Tex. App.—Houston [14th Dist.] 1998, no
pet.).  A trial judge may not ordinarily
disregard a jury finding on its own initiative. 
St. Paul Fire & Marine Ins. Co. v. Bjornson, 831 S.W.2d 366,
369 (Tex. App.—Tyler 1992, no writ).  If
no motion to disregard a jury finding is filed and the trial court sua sponte
disregards the finding, the court’s action will be upheld only where the
disregarded finding is immaterial.  See
id.  A question is immaterial when it
should not have been submitted or, though properly submitted, is rendered
immaterial by other findings.  Spencer,
876 S.W.2d at 157.








Government employees are entitled to
official immunity from suit arising from the performance of their (1)
discretionary duties in (2) good faith as long as they are (3) acting within
the scope of their authority.  City of
Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994).  If a public official is entitled to official
immunity, the employer is also granted immunity.  DeWitt v. Harris County, 904 S.W.2d
650, 653 (Tex. 1995).  Here, the trial
court disregarded the finding because Barber was not performing a discretionary
duty by operating his vehicle in a non-emergency situation.  The trial court found Barber could have
checked the license plate without having the accident if he had kept a proper
lookout.  Barber was negligent in
performing the ministerial act of driving a vehicle in a non-emergency and
failing to follow the laws of the State of Texas.  By disregarding the jury’s finding that
Barber acted in good faith, the trial court made the implied finding that
Barber was not performing a discretionary duty at the time of the accident.[11]  In addressing whether the trial court erred
in disregarding the jury’s finding of good faith, we will address the
sufficiency of the evidence to support the trial court’s implied finding that
at the time of the accident Barber was performing a ministerial act.  

A discretionary act is one that requires
“personal deliberation, decision, and judgment.”  Chambers, 883 S.W.2d at 654.  Ministerial acts are those where the law
prescribes and defines the duties to be performed with such precision and
certainty as to leave nothing to the exercise of discretion or judgment.  Id. 
In determining whether conduct is discretionary, we focus on whether the
public official was performing a discretionary function, not on whether he had
discretion to do an allegedly wrongful act while discharging that function.  Id. 









Unlike high speed chases or traffic stops,
operating a car in a non-emergency situation does not involve personal
deliberation or the exercise of professional expertise, decision, or
judgment.  Woods v. Moody, 933
S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1996, no writ).  Driving a car is a ministerial act because it
requires a person to perform in a given state of facts and in a prescribed
manner in obedience to the method of legal authority, without regard to the
propriety of the act being done.  City
of Houston v. Daniels, 66 S.W.3d 420, 425 (Tex. App.—Houston [14th Dist.]
2001, no pet.).  Absent special
circumstances that suggest the officer was performing a discretionary function,
such as engaging in a high speed chase, an officer driving a motor vehicle
while on non-emergency business is performing a ministerial act.  Id.

Here, the evidence supports the finding
that Barber’s actions in failing to maintain a proper lookout and to keep a
proper distance from Gibbons’ car caused the accident.[12]  Further, Barber was not responding to an
emergency situation.  At trial, Barber
acknowledged his duty to follow traffic regulations, including maintaining a
proper lookout and proper distance from the vehicle in front of him.  Barber’s negligent operation of his vehicle
was separate and apart from his action of checking the license plate.  See Boyattia v. Hinojosa, 18 S.W.3d
729, 735 (Tex. App.—Dallas 2000, pet. denied) (constable’s decision regarding
the manner of parking his patrol car was distinct from his duty to serve court
documents).  Because Barber was operating
his patrol vehicle in a non-emergency situation, he was obligated to operate
his patrol car in a safe manner in accordance with traffic laws and was performing
a ministerial function.  See Daniels,
66 S.W.3d at 425.








Harris County asserts that because we
found facts sufficient to establish Barber was acting within the scope of his
employment under the Act, we must necessarily conclude he was performing a
discretionary function.  Although we have
determined Barber was acting within the scope of his employment, because it was
a non-emergency sitation, he had a duty to operate his vehicle in a safe manner
and was therefore performing a ministerial act. 
A government employee may act within the scope of his employment, but
not be protected by immunity.  See
e.g. Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex. 1994) (differentiating
discretionary and ministerial duties of government medical personnel).  Because Barber was performing a ministerial
function in operating his vehicle in a non-emergency situation, the question of
his good faith was immaterial. 
Therefore, the trial did not err in disregarding the finding.  We overrule Harris County’s second issue.[13]


Conclusion

Finding no error in the trial court’s
ruling, we overrule appellant’s two issues and affirm the judgment of the trial
court.  

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Substitute Opinion filed November 18, 2004.

Panel
consists of Justices Anderson, Fowler, and Seymore.  

 











[1]  Tex. Civ. Prac. & Rem. Code §§
101.001–.109.  All subsequent references
to the “Act” are to the Texas Tort Claims Act. 






[2]  Gibbons also
initially sued Deputy Barber, but nonsuited him following his testimony.   





[3]  This
provision, cited more fully infra, states that a governmental entity
must provide insurance for officers driving government-owned vehicles, even
when those officers are “off duty.”  Tex. Gov’t Code § 612.005(b).   





[4]  A complaint
concerning factual insufficiency of the evidence to support a jury finding must
be preserved by filing a motion for new trial. 
Tex. R. Civ. P. 324(b).  Harris County did not file a motion for new
trial.  Thus, it has waived that point on
appeal and we do not address it.  





[5]  Barber had not
turned in his time, stating he felt bad about the accident.  





[6]  Barber was
also represented by the County for some time following the accident. 





[7]  Barber’s actions, in checking the
license number, might also be construed as an investigation.  Certainly, an investigation is an activity
which falls within the “tasks lawfully assigned” to a Harris County deputy
sheriff and is in furtherance of Harris County’s business.  See Turnage, 64 S.W.3d at 621; see
also Garcia v. City of Houston, 799 S.W.2d 496, 499 (Tex. App.—El Paso
1990, writ denied) (“[E]ven where an employee is on call [twenty-four] hours a
day he must be engaged in or about the furtherance of the affairs or business
of his employer to be in the scope of his employment.”).  During oral argument, Harris County referred
to Barber’s conduct as an “investigation” on a number of occasions, including
its discussion of scope of employment. 





[8]  Other jurisdictions also recognize
that an officer, technically off-duty, may still be acting within the scope of
his employment.  See, e.g.,
Johnson v. Dufrene, 433 So. 2d 1109, 1112–13 (La. Ct. App. 1983) (finding
an off-duty officer acting within the course and scope of employment when he
struck plaintiff’s car while driving unmarked police car, because he was on
call twenty-four hours a day to fix malfunctioning filing machines); District
of Columbia v. Davis, 386 A.2d 1195, 1201–05 (D.C. 1978) (concluding that
technically off-duty officer was acting within course and scope of employment
because regulations required he always carry his weapon); Garner, 281
So. 2d at 393 (“By virtue of the regulations requiring Saunders to be on duty
at all times and to be always in possession of a firearm, he may well have
acted within the scope of his authority . . . .”).





[9]   Having
concluded that Barber was performing a police function at the moment of the
accident, we do not address Harris County’s arguments relying on workers
compensation cases.  





[10]  Gibbons argues
that Harris County failed to preserve this issue because it did not object to the
trial court’s statements that it would submit the question on good faith, but
ignore the finding when issuing judgment. 
The trial court made these statements during the charge conferences.  Following judgment, Harris County filed a
“Motion to Set Aside and/or Modify Judgment” and a motion for judgment
notwithstanding the verdict.  In both
motions, the county argued the point which it now asserts on appeal regarding
good faith.  Thus, the county advised the
trial court of its complaint with specificity and the trial court ruled on
it.  It sufficiently preserved the issue
for our review.  See Tex. R. App. P. 33.1(a); Chappell
Hill Bank v. Lane Bank Equip. Co., 38 S.W.3d 237, 246–47 (Tex.
App.—Texarkana 2001, pet. denied). 





[11]  Because Harris
County failed to request an issue on the discretionary duty element of its
affirmative defense, there was no jury finding. 
Harris County had an obligation to request an issue on whether Barber
was performing a discretionary or ministerial function to establish its
defense.  See State Dep’t of Highways
& Pub. Transp. v. Payne, 838 S.W.2d 235, 241 (Tex. 1992).





[12]  There were
some discrepancies in Barber’s testimony regarding whether he properly assessed
traffic prior to moving forward.  Barber
testified that he glanced up before his vehicle began to move and that as he
moved forward, Gibbons stopped her car. 
However, the officer investigating the accident reported Barber stated
he was looking down when he noticed traffic on both sides moving forward and he
looked up while moving forward, striking Gibbons’ car.  The jury found Barber proximately caused the
accident and attributed 100 percent of the negligence to him.





[13]  Having
concluded the trial court correctly ignored the jury’s findings on good faith,
we do not address Gibbons’ cross-point on appeal, wherein she contends that the
great weight and preponderance of the evidence does not support the jury’s
verdict on the issue.