

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

October 11, 2023

The Honorable Phil Sorrells
Tarrant County Criminal District Attorney
401 West Belknap
Fort Worth, Texas 76196

    **Opinion No. KP-0445**

    Re: Application of Local Government Code section 120.002 to a county's transfer of a deputy constable from the constable's office to other county departments (RQ-0505-KP)

Dear Mr. Sorrells:

    You ask about the application of Local Government Code section 120.002 to a county's transfer of a deputy constable[1] from the constable's office to another county department.[2] While you present three specific questions, your fundamental query is whether the proposed transfer would violate section 120.002 absent an election. *See* Request Letter at 3. As that question requires the investigation and resolution of fact issues, we cannot answer it as a matter of law and thus do not advise you whether a particular transfer is subject to chapter 120. *See* Tex. Att'y Gen. Op. No. KP-0178 (2018) at 3 (noting that this office does not resolve fact questions in the opinion process). Instead, we advise you only generally about the construction of subsection 120.002(a) as it pertains to your particular focus.

    Generally speaking, a commissioners court has broad discretion to set the budget for the county and it its various officers. This office previously recognized that a commissioners court's broad grant of budgeting and purchasing authority gives the commissioners court the power to "influence the actions of other county officials." Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3. Further, generally speaking, these determinations by the commissioners court are subject to judicial review for abuse of discretion. *See* Tex. Att'y Gen. Op. No. KP-0429 (2023) at 3 (discussing a county commissioners court's broad authority as county's principal governing body). However, the Legislature added chapter 120, titled "Election for Reduction of Funding or Resources for Certain Primary Law Enforcement Agencies," to the Local Government Code in 2021. *See* Act of May 30, 2021, 87th Leg., R.S., ch. 201, § 1, 2021 Tex. Gen. Laws 444.

---

    [1]"Deputy constables may perform all acts and duties that the constable is authorized to perform." Tex. Att'y Gen. Op. No. DM-156 (1992) at 2.

    [2]*See* Letter from Honorable Phil Sorrells, Tarrant Cnty. Crim. Dist. Att'y, to Honorable Ken Paxton, Off. of the Tex. Att'y Gen. at 3 (Apr. 11, 2023), https://texasattorneygeneral.gov/sites/default/files/requestfiles/request/2023/RQ0505KP.pdf ("Request Letter").

Chapter 120 substantially took away this discretion in certain counties with respect to reducing the funds to a law enforcement agency without the vote of its citizens.

The Election for Reduction of Funding or Resources for Certain Primary Law Enforcement Agencies Act applies to counties like Tarrant County with a population in excess of 1.2 million.[3] TEX. LOC. GOV'T CODE § 120.001. As a general matter, chapter 120 was adopted to require the subject counties to hold an election before it could defund the police. *See* S. COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex. S.B. 23, 87th Leg., R.S. (as filed, Mar. 19, 2021). Excepting certain disaster situations, subsection 120.002(a) provides that:

> (a) A county shall hold an election in accordance with [chapter 120] if the county adopts a budget for a fiscal year that, compared to the budget adopted by the county for the preceding fiscal year:
>
> > (1) reduces for a law enforcement agency, excluding a 9-1-1 call center, with primary responsibility for policing, criminal investigation, and answering calls for service:
> >
> > > (A) for a fiscal year in which the overall amount of the budget is equal to or greater than the amount for the preceding fiscal year, the appropriation to the agency;
> > >
> > > (B) for a fiscal year in which the overall amount of the budget is less than the amount for the preceding year, the appropriation to the agency as a percentage of the total budget;
> > >
> > > (C) as applicable:
> > >
> > > > (i) if the county has not declined in population since the preceding fiscal year, the number of peace officer positions, excluding detention officer positions; or
> > > >
> > > > (ii) if the county has declined in population since the preceding fiscal year, the number of peace officer positions, excluding detention officer positions, the law enforcement agency is authorized to employ per 1,000 county residents; or

---

[3]According to the 2020 census, Tarrant County's population is 2,154,595. *See Quick Facts*, UNITED STATES CENSUS BUREAU, https://www.census.gov/quickfacts/tarrantcountytexas (last visited May 23, 2023). Effective September 1, 2023, chapter 120 applies to counties with a population of more than 1.2 million. *See* Act of May 17, 2023, 88th Leg., R.S., ch. 644, § 130, 2023 Tex. Sess. Law Serv. 1485, 1510.

> (D) the amount of funding per peace officer for the recruitment and training of new peace officers to fill vacant and new peace officer positions in the agency; or
>
> (2) reallocates funding or resources to another law enforcement agency.

TEX. LOC. GOV'T CODE § 120.002(a).

Chapter 120 does not supply definitions for many of its critical terms. As no Texas appellate court has yet construed it, we proceed in our construction with great caution, careful to not add or detract from what the Legislature has written because we presume the Legislature chose its language intentionally. *See Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) (acknowledging that courts give effect to every word in a statute "because every word or phrase is presumed to have been intentionally used with a meaning and a purpose"); *see also Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 557 (Tex. 2022) ("Ordinarily, the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on." (quoting *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006))).

Looking to its plain language, subsection 120.002(a) applies when a county "adopts a budget for a fiscal year" that does one of two things as identified in subsections (a)(1) and (a)(2).[4] TEX. LOC. GOV'T CODE § 120.002(a). First, subsection (a)(1) requires an election when the county's adopted budget reduces the budget or number of peace officers for certain law enforcement agencies as compared to specified monetary or personnel benchmarks from the preceding fiscal year. *See id.* § 120.002(a)(1). Second, subsection (a)(2) requires an election when the county's adopted budget "reallocates funding or resources to another law enforcement agency" when compared to the budget adopted in the preceding fiscal year. *Id.* § 120.002(a)(2).[5] Your focus is on the meaning of "law enforcement agency" in these provisions as it may relate to a constable's office. *See* Request Letter at 1–2. We limit our analysis accordingly.

## I. A constable's office is a law enforcement agency.

Both subsections (a)(1) and (a)(2) use the term "law enforcement agency" but the term is not defined in chapter 120. We follow the courts' example and look for the term's common meaning, unless a different meaning "is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Cadena Comercial USA Corp. v. Tex. Alcoholic Bev.*

---

[4] You do not expressly tell us the proposed transaction is in connection with Tarrant County's adoption of such a budget. *See* Request Letter at 1–3. We presume the proposal is connected to the adoption of a budget for purposes of this opinion.

[5] Chapter 120 also provides that a person who resides in the county and believes the county has violated subsection (a) may file a complaint to initiate an investigation of the matter, which may ultimately result in limiting a violating county's ability to increase its ad valorem tax rate. TEX. LOC. GOV'T CODE §§ 120.006 (authorizing a complaint to the criminal justice division of the office of the governor), 120.007 (authorizing the comptroller to investigate a complaint and to limit the county's ad valorem tax rate).

*Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017). "To determine [the] common, ordinary meaning [of undefined terms], . . . [courts] typically look first to their dictionary definitions and then consider the term's usage in other statutes, court decisions, and similar authorities." *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017).

The dictionary defines "law" to mean "the system of rules that a particular country or community recognizes as regulating the actions of its members and may enforce by the imposition of penalties[.]" NEW OXFORD AMERICAN DICTIONARY 989 (3d ed. 2010). "[E]nforcement" means "the act of compelling observance of or compliance with a law, rule, or obligation[.]" *Id.* at 574. And "agency" means "a department or body providing a specific service for a government or similar organization[.]" *Id.* at 30. Thus, "law enforcement agency" can be commonly defined to mean a government department or body that compels observance of or compliance with the system of rules that regulate actions enforced by the imposition of penalties.

As a general matter, a constable's office is a part of a county's efforts to compel observance of or compliance with state law. *See* TEX. CODE CRIM. PROC. art. 2.12 (including constables in the list of individuals who are peace officers); *cf.* TEX. CONST. arts. V, § 18 (providing for the election of a constable from county precincts), III, § 52e (providing for a county's payment of medical expenses of its "law enforcement officials," including constables). Moreover, the courts generally consider a constable's office as having law enforcement functions. *See Jefferson Cnty. v. Jefferson Cnty. Constables Ass'n*, 546 S.W.3d 661, 667–70 (Tex. 2018) (discussing constable's policing and law enforcement aspects and definitively concluding that constables are police officers for purposes of Local Government Code chapter 174); *see also Harris Cnty. v. Coats*, 607 S.W.3d 359, 376–77 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (discussing the law enforcement jurisdiction of a constable). A court would likely conclude that a constable's office is a law enforcement agency for purposes of chapter 120.[6] Accordingly, a constable's office is generally subject to the restrictions in subsection 120.002(a)(1).

## II.     A constable's duties constitute policing, criminal investigation, and answering calls for service.

The language of subsection (a)(1) specifies the law enforcement agency must be one "with primary responsibility for policing, criminal investigation, and answering calls for service." TEX. LOC. GOV'T CODE § 120.002(a)(1). Chapter 120 does not define the term "primary responsibility" or the phrase "policing, criminal investigation, and answering calls for service." "[P]olicing" commonly means "(of a police force) hav[ing] the duty of maintaining law and order in or for (an area or event)." NEW OXFORD AMERICAN DICTIONARY 1353 (3d ed. 2010). When used as an adjective, the term "criminal" means "of or relating to a crime[.]" *Id.* at 409. "Investigate" means to "carry out a systematic or formal inquiry to discover and examine the fact of (an incident, allegation, etc.) so as to establish the truth[.]" *Id.* at 914. So "criminal investigation" can be construed to mean carrying out a systematic or formal inquiry relating to a crime to discover the truth about the crime. To "call" someone means to "summon (something, esp. an emergency

---

[6]Moreover, the Legislature has expressly identified a constable's office as a "law enforcement agency" in specific state laws. *See, e.g.*, TEX. GOV'T CODE § 772.00715(a)(4)(C); TEX. TRANSP. CODE §§ 545.3051(a)(2)(D), 683.001(3)(D).

service or a taxicab) by telephone[.]" *Id.* at 248. And "service" means "the action of helping or doing work for someone: an act of assistance[.]" *Id.* at 1596. Using these definitions, "calls for service" can be construed to mean summoning the law enforcement agency for assistance.

A constable's duties arise from a variety of sources, but mainly from Local Government Code chapter 86 and from article 2 of the Code of Criminal Procedure.[7] Local Government Code chapter 86 requires a constable to "execute and return as provided by law each process, warrant, and precept that is directed to the constable and is delivered by a lawful officer." TEX. LOC. GOV'T CODE § 86.021(a); *see also id.* § 86.021(e) (also requiring a constable to "attend each justice court held in the precinct"). Under chapter 86, a constable's duty to serve legal papers includes the duty to execute and return warrants. *See id.* § 86.021(a). To the extent such authority includes an arrest warrant, a court would likely conclude that the execution of a warrant implicates the duty to maintain law and order for an area such that it constitutes policing as we have defined it above. TEX. CODE CRIM. PROC. art. 15.01 (providing for warrant of arrest).

Additionally, as peace officers, constables and deputy constables have the additional statutory duty to "preserve the peace within the officer's jurisdiction." *Id.* arts. 2.12(2), 2.13(a). Courts generally describe this duty as a "duty to prevent crime and arrest offenders." *City of Dallas v. Half Price Books, Recs., Mags., Inc.*, 883 S.W.2d 374, 376 (Tex. App.—Dallas 1994, no writ). Article 2.13 identifies some specific actions required of a peace officer to "effect this purpose" of preserving the peace. TEX. CODE CRIM. PROC. art. 2.13(a). A peace officer shall "interfere . . . to prevent or suppress crime," notify magistrates of penal law offenses, and arrest offenders. *Id.* art. 2.13(b). This authority under article 2.13 partly justified the Texas Supreme Court's decision that deputy constables are police officers without distinction from county sheriffs for purposes of the Texas Collective Bargaining Act. *See Jefferson Cnty.*, 546 S.W.3d at 673. A court would likely conclude that the duty to preserve the peace involves some element of "policing," "criminal investigation," or "answering calls for service" as we defined those terms above. Thus, even if a constable's chapter 86 duties factually do not constitute "policing, criminal investigation, and answering calls for service," the constable's peace officer duties likely always will. *See generally Garza v. Harrison*, 574 S.W.3d 389, 403 (Tex. 2019) (recognizing that "[p]eace officers retain their status as peace officers twenty-four hours a day" (quoting *Blackwell v. Harris Cnty.*, 909 S.W.2d 135, 139 (Tex. App.—Houston [14th Dist.] 1995, writ denied)).

Accordingly, a court would likely conclude that a constable's duties under Local Government Code chapter 86 and Code of Criminal Procedure chapter 2 constitute policing, criminal investigation, and answering calls for service under subsection 120.002(a)(1). While generally such duties could be within a constable's "primary" responsibility, the threshold question under subsection 120.002(a)(1) whether such duties are a particular constable's "primary"

---

[7]For instance, the Code of Criminal Procedure contains additional duties of a peace officer. *See* TEX. CODE CRIM. PROC. arts. 6.05–.07 (setting out duties of peace officer to prevent injury and threatened injury).

responsibility is a fact question that we cannot resolve in an Attorney General opinion.[8] *See* Tex. Att'y Gen. Op. No. KP-0178 (2018) at 3 (noting that this office does not resolve fact questions in the opinion process). Certainly, it is a question to be ultimately determined by the criminal justice division of the office of the governor following a complaint by a citizen to such decision. *See* TEX. LOC. GOV'T CODE § 120.006.

---

[8]We are aware of one case filed in a district court in Travis County, in which the pleading presumed without analysis that budget moves implicating the Harris County Constable's Office were within the scope of section 120.002. *See generally Harris Cnty. v. Hegar*, Cause No. D-1-GN-22-004157 (126th Dist. Ct., Travis County, Tex. Sept. 6, 2022). As the case was closed before consideration by a court, it does not provide helpful guidance in the resolution of your questions. However, we presume a court considering the question would also construe section 120.002's usage of the term "primary responsibility" to have the meaning the Legislature intended.

## S U M M A R Y

For counties of the requisite population, Local Government Code section 120.002 generally prohibits a county commissioners court from adopting a budget for a fiscal year that reduces the funding or staffing or reallocates resources of law enforcement agencies without voter approval. A constable's office is a law enforcement agency, and likely one with duties that constitute policing, criminal investigation, or answering calls for service within the scope of subsection 120.002(a)(1). A threshold question whether those duties are the constable's office's primary responsibility is a fact question we cannot address in an Attorney General opinion. That question will ultimately be resolved through the complaint procedures set out in sections 120.006 and 120.007 and judicial review.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee