**Robert G. VERNON, Appellant,**

v.

**The CITY OF DALLAS, Appellee.**

No. 20902.

Court of Appeals of Texas,
Dallas.

Jan. 25, 1982.

Rehearing Denied Feb. 25, 1982.

Bob Gorsky, Jack C. Pate, Burleson, Pate & Gibson, Dallas, for appellant.

Patrick A. Teeling, Dallas, for appellee.

Before AKIN, SPARLING and FISH, JJ.

FISH, Justice.

The question presented on this appeal from a summary judgment is whether plaintiff, a policeman who was injured during off-duty hours in an altercation outside the city which employs him, is entitled to worker's compensation. On the facts of this case, we conclude that he is not and affirm the judgment of the trial court.

In the late afternoon of August 24, 1978, plaintiff, a policeman employed by the City of Dallas, was dining with his wife at a restaurant in Garland, Texas. He was dressed in casual clothes because his duty hours with the Dallas Police Department that week were 12:00 midnight to 8:00 a.m. While plaintiff was eating, Robert Poskie-wicz and a female companion entered the restaurant together and sat down in an adjoining booth. Obviously angry, Posk-iewicz was loudly berating, in profane and abusive language, the driving of an old man who had almost hit him moments before. Plaintiff displayed his badge across the table to Poskiewicz, identified himself as a policeman, and asked him, in plaintiff's words, to "hold his language down [because] ... I had my wife with me and I didn't appreciate it." Poskiewicz replied with four-letter obscenities disrespectful to both plaintiff and his wife and hit plaintiff on the left side of his head. A fight ensued, in which plaintiff received the injuries made the basis of this suit.

Our question on this appeal is whether the City of Dallas, as the movant for summary judgment, conclusively established a defense to at least one element of plaintiff's claim for worker's compensation. See Rule 166–A(c), Tex. R. Civ. P.; Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.1970). If the trial court's determination that plaintiff "was not an employee within the course and scope of his employment by the Defendant, City of Dallas" is supported by the record, we must affirm the order granting summary judgment, for one element of plaintiff's claim to benefits is that he received an injury as an employee in the course of his employment. See Biggs v. United States Fire Ins. Co., 611 S.W.2d 624, 627 (Tex. 1981).

Article 8309h extends worker's compensation coverage to municipal employees and expressly adopts, in section 3(a), many provisions of the general compensation statutes. One provision thus adopted is article 8309, § 1, which defines the terms "employee" and "injury sustained in the course of employment." Tex. Rev. Civ. Stat. Ann. art. 8309h § 3(a)(6) (Vernon 1980–1981). In these definitions, "employee" means "every person in the service of another under any contract of hire ... except one whose employment is not in the usual course of the trade, business, profession or occupation of

his employer," and "injury sustained in the course of employment" includes "injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employers premises or elsewhere." These definitions have been construed to mean that, as a general rule, an employee suffers an injury in the course of his employment only if the injury (1) is of a kind or character originating in or having to do with the employer's work, and (2) occurs while the employee is engaged in the furtherance of the employer's business or affairs. *Biggs v. United States Fire Ins. Co., supra* at 627.

■ Plaintiff contends that the trial court erred in granting summary judgment for the City because a material fact issue, viz., whether plaintiff was in the course of his employment at the time of injury, was

1. *Kelty v. Travelers Insurance Co.,* 391 S.W.2d 558 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.) and *Stout v. Intern. Ins. Co.,* 568 S.W.2d 904 (Tex. Civ. App.—Fort Worth 1978, writ ref'd n.r.e.), cited to us by plaintiff at oral argument, are inapposite. They hold that, under the "access doctrine," a fact issue may exist whether an employee was injured in the course of employment, precluding summary judgment, even though it is undisputed that the injury occurred off the employer's premises. No claim is made here that the "access doctrine" applies.

2. Plaintiff cites several sections of the Code of Conduct of the Dallas Police Department as authority for his contention that he is always on duty as a police officer. Those sections provide in pertinent part:
   3.5 Officers shall carry their badge, identification card, and warrant of appointment at all times.
   3.6 Officers must be armed at all times *in the city of Dallas* . . . .
   5.2 Officers shall respond without delay to all calls for police assistance from citizens or other members . . . .
   5.3 *Within the city of Dallas,* officers shall at all times take appropriate action to:
   A. Protect life and property.
   B. Preserve the peace.
   C. Prevent crime.
   D. Detect and arrest violators of the law.

raised by the summary judgment proof. We disagree. Plaintiff's version of the facts, outlined above, was not disputed by the City. As a result, there were no factual disputes for a fact-finder to resolve. Whether plaintiff was in the course of his employment is properly determined on summary judgment where the facts are undisputed. *See Thomas v. Travelers Insurance Co.,* 423 S.W.2d 359 (Tex. Civ. App.—El Paso 1967, writ ref'd); *Fowler v. Texas Employers' Ins. Ass'n,* 237 S.W.2d 373 (Tex. Civ. App.—Fort Worth 1951, writ ref'd).[1]

Plaintiff also contends that the trial court erred in granting summary judgment because he was, as a matter of law, in the course of his employment at the time of injury. He argues that a police officer is always on duty[2] and that articles 6.05 and 6.06 of the Code of Criminal Procedure imposed upon him a duty to quell the disturbance.[3] At the time of this injury, articles 6.05 and 6.06 provided:

   E. Enforce all federal, state and local laws and ordinances *coming within departmental jurisdiction.*
   NOTE: *The above shall not be construed to include enforcement of laws of a Class C misdemeanor nature* or *traffic enforcement when out of uniform and off duty.*
   [emphasis added].
   Even accepting plaintiff's assertion that he was attempting to "subdue an offender," see note 3 *infra,* the only criminal offenses Poskiewicz's conduct might have involved were (1) against the local ordinances of the City of Garland, enforcement of which is expressly excluded by Section 5.3(E) of the Code of Conduct, or (2) disorderly conduct as defined in Section 42.01 of the Texas Penal Code, enforcement of which is also expressly excluded by the NOTE to Section 5.3, since the possible offenses under Section 42.01 here are Class C misdemeanors.

3. Plaintiff has maintained in the trial court and here that he was acting to "subdue an offender" or to "end the disturbance." This characterization of purpose is central to his argument that he was performing a police function, so that his injury was sustained as a police officer rather than as a private citizen defending himself. Nothing in the record, except plaintiff's bare assertion, supports such a characterization. Nevertheless, we assume it to be true on this appeal, not only because it is unchallenged

Art. 6.05. Duty of peace officer as to threats

It is the duty of *every peace officer,* when he may have been informed in any manner that a threat has been made by one person to do some injury to himself or to the person or property of another, to prevent the threatened injury, if within his power; and, in order to do this, he may call in aid any number of citizens *in his county.* He may take such measures as the person about to be injured might for the prevention of the offense.

Art. 6.06. Peace officer to prevent injury

Whenever, in the presence of a *peace officer,* or within his view, one person is about to commit an offense against the person or property of another or injure himself, it is his duty to prevent it; and, for this purpose the peace officer may summon any number of the citizens of *his county* to aid. The peace officer must use the amount of force necessary to prevent the commission of the offense, and no greater.[4]

Plaintiff also refers to a provision in the Dallas Police Code of Conduct which states: "Violations of the Code of Conduct, the City of Dallas Personnel Rules, the Civil Service Board Code of Rules and Regulations, the Charter of the City of Dallas, the ordinances of the City of Dallas and/or laws of the State of Texas ... shall subject the offender to disciplinary action which may take the form of a verbal or written reprimand, reduction in rank and/or suspension, or discharge from employment." Section 2.2 of the Code of Conduct, October 1, 1975. He reasons that because he might have been subject, under this provision in the Code of Conduct, to disciplinary action for failure to obey the laws of the State of Texas, specifically articles 6.05 and 6.06 of the Code of Criminal Procedure, he was

acting within the course of his employment for the City of Dallas in discharging a perceived duty to act.

We hold that the trial court correctly determined that plaintiff had no duty to quell this disturbance outside the City of Dallas and that, in any event, whether such a duty exists should not define "course of employment" for purposes of determining whether an injured worker is entitled to worker's compensation.

The summary judgment record contained scant evidence, if any, of facts which might impose a duty on plaintiff under articles 6.05 and 6.06 of the Code of Criminal Procedure. Before any duty could arise under article 6.05, the peace officer must be informed "that a threat has been made by one person to do some injury to himself or to the person or property of another." Similarly, no duty under article 6.06 would arise unless, in plaintiff's presence or view, Poskiewicz was "about to commit an offense against the person or property of another or injure himself." According to plaintiff's testimony, Poskiewicz made no threat or attempt to injure the person or property of plaintiff or any other person before the fight ensued. Consequently, no facts have been shown which would have imposed a duty on plaintiff to act under those statutes.

We reject plaintiff's contention that articles 6.05 and 6.06 impliedly authorized and required him to act anywhere in the county. In our view, those provisions are expressly limited by article 2.13 of the Code of Criminal Procedure, which states: "[I]t is the duty of every peace officer to preserve the peace *within his jurisdiction*" [emphasis added]. Plaintiff is a "peace officer" by virtue of article 2.12(3) of the Code of Criminal Procedure and his "jurisdiction" is the

---

by the City, but also because of the settled rule that we view the evidence in summary judgment proceedings in the light most favorable to the party opposing the motion. *See Great*

*American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex. 1965).

4. In these statutes, the emphasis is plaintiff's.

city. *See* Tex. Rev. Civ. Stat. Ann. arts. 998, 999 (Vernon 1963–1981). We believe it would be an unreasonable construction of the statutes to hold, as plaintiff urges, that while a peace officer is expressly authorized to act only in his jurisdiction, he may by implication be authorized, if not required, to act over a much larger territory. Surely where the legislature has been explicit with the limited grant of authority in article 2.13, it would not leave this much broader grant to implication.

The scope of articles 6.05 and 6.06 is limited not only by article 2.13, but also by article 6.07 of the Code of Criminal Procedure. That statute provides:

Art. 6.07 Conduct of peace officer

The conduct of peace officers, in preventing offenses about to be committed in their presence, or within their view, is to be regulated by the same rules as are prescribed to the action of the person about to be injured. They may use all force necessary to repel the aggression.

In construing the predecessor to articles 6.06 and 6.07 (articles 77 and 78, C.C.P. 1925), the Supreme Court held that a peace officer acting under these statutes could do only what an owner of property, against whom an offense is about to be committed, could do. *Heath v. Boyd,* 141 Tex. 569, 175 S.W.2d 214, 217 (1943).

■ As a result of these limitations, we hold that on the present record, articles 6.05 and 6.06 neither authorized nor required plaintiff to take any action against Poskiewicz beyond what could lawfully be done by any citizen.[5]

■ Irrespective of what plaintiff's duty might be under state law, we hold that any such duty, if it exists, does not determine whether an employee such as plaintiff received an injury in the course of his employment. That determination is made under tests settled by numerous court decisions: (1) was the injury of a kind or character originating in or having to do with the employer's work? (2) did the injury occur while the employee was engaged in the furtherance of the employer's business or affairs? *See Biggs v. United States Fire Ins. Co., supra* at 627. We do not understand plaintiff to argue that he satisfied these tests, but rather that the tests should somehow be formulated differently for him, citing cases involving public employees from other jurisdictions, because of his peculiar status as a peace officer. We find no authority for rewriting the law of worker's compensation because plaintiff perceived that state law imposed on him a duty to act outside the City of Dallas.

Neither have we found authority relaxing these tests merely because the plaintiff was on call 24-hours a day. For example, in *Thomas v. Travelers Insurance Company, supra,* the court held that a worker's compensation claimant did not meet her burden of showing that her deceased husband was killed in the course of his employment, despite proof that he was on call by his employer 24-hours a day. What was missing, the Court said, was proof that, at the time of death, the deceased employee was engaged in or about the furtherance of the affairs or business of his employer. 423 S.W.2d at 360–361. *Thomas* teaches that even if an employee is on call 24-hours a day (a fact on which plaintiff places great

5. *Romo v. State,* 577 S.W.2d 251 (Tex. Cr. App. 1979), cited by plaintiff, is not in conflict with this holding. In that case, the Court of Criminal Appeals held that the accused was lawfully arrested by Officer Weatherford, a member of Buffalo Springs Lake Patrol, outside the lake patrol area, because article 14.01(a) of the Code of Criminal Procedure authorized arrest without warrant by *any person* for an offense against the public peace committed in his view. The court held that when Officer Weatherford saw Romo driving erratically at a high rate of speed, he was authorized to make the arrest for a breach of peace committed in his view.

emphasis here), he is not relieved from making the additional showing that he was injured while engaged in or about the furtherance of his employer's business or affairs.

Our conclusion also finds support in article 999b, Tex. Rev. Civ. Stat. Ann. (Vernon 1963–1981). That statute authorizes one local unit of government to assist another by sending law enforcement officers to serve outside their usual territory. Section 3 provides that a law enforcement officer so dispatched shall be a peace officer of such other county or municipality, "with all the powers of a regular law enforcement officer in such other county or municipality." Section 4 provides that a law enforcement officer properly sent outside his usual territory "shall be entitled to the same wage, salary, pension, and all other compensation and all other rights for such service, including *injury* or death *benefits,* the same as though the service had been rendered within the limits of the county or municipality where he is regularly employed" [emphasis added]. This article would not have been needed if plaintiff's contentions were correct regarding his implied power and duty to act outside his jurisdiction. The clear import of this statute is that a peace officer does not have authority to act—or to collect compensation for injuries sustained—outside his jurisdiction, except in the limited circumstances specified.

■ We recognize the important policy considerations implicated in this case of first impression. A rigid rule defining course of employment by reference to the territorial boundaries of the officer's employer may result in hardship when applied to injuries sustained by any particular officer. It may also frustrate the public's desire to assure that a peace officer be protected in the vigorous pursuit of his duties, even when performance of those duties is outside the officer's jurisdiction. On the other hand, a rule compensating officers for injuries sustained without reference to the territorial boundaries of their employer might, in some circumstances, encourage officers from outside a jurisdiction to take more—or different—action than is desired by local officials, thus undermining the Texas tradition of local control in law enforcement. Moreover, since many employers of peace officers are self-insured under article 8309h, taxpayers in any such jurisdiction may question the fairness of using their tax funds to compensate peace officers who are injured while enforcing the law outside their jurisdiction.

Although we are not oblivious to these competing policy considerations, our result in this case is compelled by settled interpretations, from higher courts, of the relevant statutes. Any changes in these interpretations must be sought in those courts, or from the legislature.

Affirmed.