**Ward S. LARKIN, Appellant,**

**v.**

**Michael JOHNSON and CompUSA, Inc., Appellee.**

**No. 14–98–00789–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 22, 2001.

Rehearing Overruled April 26, 2001.

Greg Gladden, Houston, for appellants.

Leslie Garcia Ashby, Ryan Chadwick, Michael R. Hull, Houston, for appellees.

Panel consists of Justices SEARS, LEE, and AMIDEI.*

* Senior Justices Ross A. Sears, Norman Lee, and Former Justices Maurice Amidei sitting    by assignment.

## OPINION

MAURICE E. AMIDEI, Justice (Assigned).

Harris County Deputy Sheriff Michael Johnson demonstrated with summary judgment proof that qualified official immunity protected him when he arrested the Appellant, Ward S. Larkin, in the parking lot outside a CompUSA. The trial court granted summary judgment. Larkin contends summary judgment was unwarranted because Johnson maliciously arrested him for what Larkin said as he left the CompUSA store where the deputy worked an off-duty job. We find Johnson proved as a matter of law that he acted as a Harris County Deputy Sheriff rather than as an employee of CompUSA. As there is no issue of material fact regarding any element of qualified official immunity, we affirm.

Johnson was marking receipts at CompUSA as a security guard when Larkin, a customer leaving with merchandise, resisted releasing his receipt. Larkin undisputedly stated, "What the hell are you doing?" The parties dispute whether Larkin actually did refer to the officer as "motherfucker" during this incident. We will assume he did not. Johnson considered Larkin's question as loud. Johnson followed him outside, and attempted an investigative stop for suspicion of disturbing the peace. Johnson clearly identified himself to Larkin as a Harris County Sheriff's Deputy, and ordered him to stop. Larkin refused, stating that if Johnson wanted him to stop, he would have to arrest him. As Larkin started to get in his car, Johnson arrested him.

Larkin argues that Johnson's malice, an element of at least one of the causes of action, arose when Johnson was engaged in the protection of the employer's property. *See Blackwell v. Harris County*, 909 S.W.2d 135, 139 (Tex.App.—Houston [14th Dist.] 1995, writ denied) (quoting *Glenmar Cinestate, Inc. v. Farrell*, 223 Va. 728, 292 S.E.2d 366, 369–70 (1982)). Accordingly, Larkin contends it is a jury question whether Johnson committed the torts as a public officer or as a servant of the employer. However, the comparison of the objective action and actual duty involved, not scienter, determines the immunity question. Notably, *Blackwell* explains that where an officer is performing a job incident to enforcing the public laws, he is acting in the course and scope of his employment as a police officer even if the private employer directed him to perform the duty.

It is undisputed Johnson marked the receipt to protect CompUSA's property while inside the store. However, this duty was complete when Larkin left the store. There is also no contention that, Johnson enforced any CompUSA policy or advanced CompUSA's interests[1] when he went outside and arrested a paying customer. Thus, there is no issue of material fact about whether Johnson was acting as

---

1. Larkin attempts to assert fact issues about subjective malice in the context of his underlying false arrest and wrongful prosecution claims. He argues the officer's subjective reasons for behavior presents a jury issue on whether Johnson arrested him out of subjective malice. To the extent Larkin is also arguing anger arising from Johnson's functions for CompUSA prevented Johnson from making the arrest as an officer, we disagree. If Clark Kent is outraged about wrongdoing he discovers while on assignment, his anger is not kryptonite. He is nonetheless Superman as he sallies forth to fight for truth, justice, and the American way. A hero without feeling would be inhuman, not superhuman. From the affidavits of Johnson's superiors, Johnson functioned in all ways as we would expect of a Texas peace officer-even if Larkins' eye could not follow the blinding speed with which Johnson's capacity changed as he passed the door.

190

an employee of the Harris County Sheriff's Office when he arrested a person who refused to comply with the officer's attempt to detain him. *See generally Bridges v. Robinson*, 20 S.W.3d 104, 114 (Tex.App.—Houston [14th Dist.] 2000, no pet. h.) (Finding officers riding hogtied citizen and otherwise abusing him until he died raised a "fact issue" about whether officers working as guards at Dillards were acting in their capacity as peace officers); *Blackwell v. Harris County*, 909 S.W.2d at 139; *City of Dallas v. Half Price Books, Records, Magazines, Inc.*, 883 S.W.2d 374 (Tex.App.—Dallas 1994, no writ) (explaining peace officer becomes a government agent when he begins to function as one). Johnson was acting as an officer, not as an employee of CompUSA when he arrested the appellant. Accordingly, CompUSA is not liable for Johnson's actions in making the arrest.

■ Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). The arrest was undisputedly discretionary. The Texas Supreme Court observed in *Chambers* that a court must measure good faith in official immunity cases against a standard of objective legal reasonableness, regardless of the officer's subjective state of mind. 883 S.W.2d at 656. The evidence clearly supports the officer's objective legal reasonableness, and the appellant has not controverted it with probative evidence that "no reasonable person in the defendant's position could have thought that the facts were such that they justified the defendant's acts." *Chambers*, 883 S.W.2d at 657. It is undisputed that the claims arose from Johnson making an arrest and turning the case over to the District Attorney's office. These functions are within the scope of a deputy sheriff's authority. Thus, we do not reach Larkin's causes of action because we conclude Johnson objectively functioned within the aura of the qualified governmental immunity doctrine. This doctrine renders facts relating only to the substantive causes of action immaterial. Accordingly, we affirm.