United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-40026
_____

KEVIN MARZELL WILLIAMS

              Plaintiff - Appellant

     v.

DILLARD'S DEPARTMENT STORES INC; ET AL

              Defendants

DILLARD'S DEPARTMENT STORES INC; DILLARD'S INC

              Defendants - Appellees

_____

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont
No. 1:04-CV-702

_____

Before KING, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant Kevin Marzell Williams appeals the

district court's order granting summary judgment to defendants-

appellees Dillard's Department Stores, Inc. and Dillard's Inc.

(collectively referred to as "Dillard's").  Williams contends

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

that (1) the district court should have applied the burden-shifting analysis found in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973); and (2) the district court improperly granted summary judgment because genuine issues of material fact exist as to Williams's claims under 28 U.S.C. §§ 1981, 1982, and 1983 and certain state law claims.  For the following reasons, we AFFIRM.

### I. Grant of Summary Judgment

### A.    Standard of Review

Summary judgment is reviewed de novo, under the same standards used by the district court to determine whether summary judgment is appropriate in the first instance.  <u>Riverwood Int'l Corp. v. Employers Ins. of Wausau</u>, 420 F.3d 378, 382 (5th Cir. 2005).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue of any material fact" and the moving party is "entitled to judgment as a matter of law."  <u>Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.</u>, 832 F.2d 1358, 1364 (5th Cir. 1987); FED. R. CIV. P. 56(c).

Once the moving party establishes that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The nonmoving party cannot satisfy his summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions.

<u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

**B.  <u>McDonnell Douglas</u> Framework**

We do not reach Williams's <u>McDonnell Douglas</u> argument. Williams failed to raise the argument properly in the district court.  Further, when questioned by the district court about the point, he effectively waived it.  "We will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances."  <u>N. Alamo Water Supply Corp. v. City of San Juan, Tex.</u>, 90 F.3d 910, 916 (5th Cir. 1996). Extraordinary circumstances do not exist here.

**C.  Sections 1981 and 1982 Claims**

Despite Williams's argument that issues of material fact exist regarding whether Dillard's intentionally discriminated against him and whether he was browsing or actually attempting to purchase a watch from Dillard's, the district court properly granted summary judgment on Williams's § 1981 claim.  To establish a § 1981 claim against a retail merchant, the plaintiff must prove that: "(1) []he is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute" (i.e., the making and enforcing of a contract).  <u>Morris v. Dillard Dep't Stores, Inc.</u>, 277 F.3d 743, 751 (5th Cir. 2001).  In the retail context, "the

plaintiff must demonstrate 'the loss of an actual, not speculative or prospective, contract interest.'" <u>Arguello v. Conoco, Inc.</u>, 330 F.3d 355, 358 (5th Cir. 2003) (quoting <u>Morris</u>, 277 F.3d at 751-52).  The plaintiff must offer evidence that the defendant thwarted a "tangible attempt to contract."  <u>Id.</u>  On this record, Williams did not make a tangible attempt to contract.  Although Williams's brief states that he attempted to purchase a watch multiple times and Dillard's employees refused to make the sale, the deposition testimony indicates instead that Williams asked only to look at the watch, not to purchase it.  This behavior is mere browsing and not a tangible attempt to contract.  <u>See</u> <u>Morris</u>, 277 F.3d at 752-53.  Because no material issue of fact exists, the district court properly granted summary judgment on the § 1981 claim.

Section 1981 and section 1982 claims are "generally construed in tandem."  <u>Morris v. Office Max, Inc.</u>, 89 F.3d 411, 413 (7th Cir. 1996) (citing <u>Tillman v. Wheaton-Haven Recreation Ass'n, Inc.</u>, 410 U.S. 431, 440 (1973)0.  When the merchant does not infringe on a contractual right under § 1981, courts have reasoned that no right to purchase personal property is impacted under § 1982.  <u>See</u> <u>Office Max</u>, 89 F.3d at 414-15.  Accordingly, Williams's § 1982 claim that he was prevented from purchasing the watch fails for reasons similar to his § 1981 claim, i.e., no

-4-

attempted property transaction was thwarted.[1]  See id.

**D.   Section 1983 Claim**

The district court properly granted summary judgment on Williams's § 1983 claim against Dillard's; because Officer Riley conducted an independent investigation, Dillard's was not a state actor, a requirement of § 1983 claims.  See Morris, 277 F.3d at 748-49.  A merchant will not be subjected to § 1983 liability "unless an officer has failed to perform [an] independent investigation."  Id. at 750.  Here, Officer Riley interviewed employees and customers as to the alleged shoplifting, personally questioned Williams, and submitted her own report of the incident, all of which are indicators of an independent investigation.  See id.  Accordingly, Dillard's is not subject to § 1983 liability.

**E.   State Law Claims**

Because Officer Riley acted in her public capacity, Dillard's is not vicariously liable for her actions, and the

---

[1]  Williams also contends that because his watch was confiscated from him, Dillard's infringed his right to hold personal property in violation of § 1982.  The summary judgment record indicates Officer Riley took the watch from Williams and gave it to Dillard's employees who quickly determined it was not Dillard's merchandise.  Williams has not identified any evidence that after Dillard's was given the watch by Officer Riley, it held the watch because of Williams's race.  Therefore, the district court properly granted summary judgment on Williams's claim that Dillard's violated § 1981 by preventing him from holding personal property.

district court properly granted summary judgment.[2] An off-duty police officer's employer is not vicariously liable for the acts of the officer if the officer was acting in her public capacity at the time she "committed the acts for which the complaint [was] made." Mansfield v. C.F. Bent Tree Apartment Ltd. P'ship, 37 S.W.3d 145, 150 (Tex. App.-Austin 2001, no pet.) (quoting Blackwell v. Harris County, 909 S.W.2d 135, 139 (Tex. App.-Houston [14th Dist] 1995, writ denied)). This is true "even though the employer may have directed the activities." Id.

Williams argues that the facts are in dispute regarding whether Officer Riley observed him committing the crime of disorderly conduct, and that if Officer Riley did not observe him committing a crime and the arrest for disorderly conduct was invalid, she cannot have been acting in her public capacity. However, there are multiple bases for concluding that Officer Riley was acting in her public capacity as a Beaumont police officer that do not involve the question of whether Williams was

_____

[2] Williams's brief also contends that Dillard's should be vicariously liable for the improper detention of Williams by Dillard's assistant manager and salesperson. Williams does not make clear the legal basis for this claim. Although Williams cites Fourth Amendment precedent, Dillard's, a private actor, is not subject to the Fourth Amendment. See United States v. Bazan, 807 F.2d 1200, 1202 (5th Cir. 1986). If Williams is alleging he was falsely imprisoned, his claim fails because he points to no evidence supporting his contention that he was improperly detained by Dillard's employees before Officer Riley arrived. Indeed, his own deposition testimony indicates he voluntarily waited for Officer Riley to arrive. Accordingly, the district court properly granted summary judgment on Williams's state law claims.

committing disorderly conduct. First, Williams knew Officer Riley was a police officer because when Riley arrested him, she was wearing a uniform and badge. See id. at 149-50 (holding that an officer's public capacity is triggered if she is identified as a police officer). Second, Riley was investigating allegations that Williams was shoplifting. See Harris County v. Gibbons, 150 S.W.3d 877, 882 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (holding that when a police officer undertakes a criminal investigation of a crime, her public capacity is triggered). Third, Officer Riley arrested Williams after learning that he had an outstanding warrant. See Mansfield, 37 S.W.3d at 151 (holding that a police officer effectuating an arrest is acting within her public capacity). These factors establish that Officer Riley was acting in her public capacity and that Dillard's is not vicariously liable for her actions.

## II. Conclusion

For the reasons discussed above, we AFFIRM the district court's grant of summary judgment.