Opinion issued July 2, 2009









 

 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00439-CV

____________


HARRIS COUNTY, Appellant


V.


ELUID HINOJOSA, Appellee






On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 2006-45440






O P I N I O N 


 Appellant, Harris County, appeals the judgment of the trial court rendered in
favor of appellee, Eluid Hinojosa, after a bench trial. The bench trial concerned
Hinojosa's appeal of a decision of the Appeals Panel of the Texas Department of
Insurance--Worker's Compensation Division ("the Department"), in which the
Department determined he was not acting in the course and scope of his employment
when he was injured in a motor vehicle accident. In two issues, the County contends
the evidence is legally and factually insufficient to establish Hinojosa was acting in
the course and scope of his employment. We conclude the evidence is legally and
factually sufficient to support the trial court's judgment. We affirm. 

Background Hinojosa was a sergeant in the Harris County Constable's Office. He was an
advanced accident investigator and reconstructionist. Hinojosa was also an instructor
in police motorcycle operations, including high-speed chase operations. Hinojosa
worked the patrol division of Precinct 1, where he had worked for three and one-half
years.

 On the day of his accident, which was a Saturday, Hinojosa was scheduled to
begin his shift at 2:00 p.m. On Saturday mornings, Precinct One did not have a
sergeant on duty. The sergeant on call was available to be called to a scene or to
assist or supervise deputies on duty. 

 At 10:00 a.m., Hinojosa signed on as the sergeant on call. After signing on,
Hinojosa and several other officers worked escorting funeral processions. Later that
morning, between 11:20 and 11:55 a.m., Hinojosa received a call from Deputy Crow,
requesting Hinojosa's assistance as the sergeant on call for Precinct 1. Hinojosa
made arrangements to meet with Crow at a coffee shop. On his way to the coffee
shop, Hinojosa was involved in an accident and was injured.

 The original hearing officer with the Department found that Hinojosa was
injured in the course and scope of his employment and that he suffered disability as
a result of the accident. The hearing officer's decision was reversed by the
Department's appeals panel, which found for the County. The appeals panel reasoned
that after he received the call from Deputy Crow, Hinojosa was, at most, simply on
his way to work when he was injured. Hinojosa appealed the adverse decision to
district court. After a bench trial, the trial court rendered judgment for Hinojosa,
stating that he was injured in the course and scope of his employment and reinstating
the decision of the hearing officer.

Course and Scope of Employment In its first issue, the County contends the trial court erred by entering judgment
in favor of Hinojosa because the evidence is legally insufficient to support the
judgment. Specifically, the County contends the trial court erred because the
evidence conclusively establishes as a matter of law that Hinojosa was not acting in
the course and scope of his employment at the time of the accident. In its second
issue, the County challenges the factual sufficiency of the evidence. 

 A. Standards of Review for Sufficiency of Evidence

 "The final test for legal sufficiency must always be whether the evidence at
trial would enable reasonable and fair-minded people to reach the verdict under
review." City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 
Legal-sufficiency review in the proper light must credit favorable evidence if
reasonable jurors could, and disregard contrary evidence unless reasonable jurors
could not. Id. If the evidence would enable reasonable and fair-minded people to
differ in their conclusions, then jurors must be allowed to do so. Id. at 822. A
reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as
the evidence falls within this zone of reasonable disagreement. Id. Although the
reviewing court must consider evidence in the light most favorable to the verdict, and
indulge every reasonable inference that would support it, if the evidence allows only
one inference, neither jurors nor the reviewing court may disregard it. Id. "In determining factual sufficiency, this Court weighs all the evidence, both
supporting and conflicting, and may set the finding aside only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust." Whaley v. Cent. Church of Christ, 227 S.W.3d 228, 231 (Tex.
App.--Houston [1st Dist.] 2007, no pet.) (citing Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986); Comm'n of Contracts v. Arriba Ltd., 882 S.W.2d 576, 582 (Tex.
App.--Houston [1st Dist.] 1994, no writ)). "In an appeal from a bench trial, we may
not invade the fact-finding role of the trial court, which alone determines the
credibility of the witnesses, the weight to give their testimony, and whether to accept
or reject all or any part of that testimony." Id. (citing Nordstrom v. Nordstrom, 965
S.W.2d 575, 580-81 (Tex. App.--Houston [1st Dist.] 1997, pet. denied)).

 B. Applicable Law The Texas Labor Code provides, in pertinent part,

 "Course and scope of employment" means an activity of any kind or
character that has to do with and originates in the work, business, trade,
or profession of the employer and that is performed by an employee
while engaged in or about the furtherance of the affairs or business of
the employer. The term includes an activity conducted on the premises
of the employer or at other locations. The term does not include:


 (A) transportation to and from the place of employment
unless:


 . . . 


 (iii) the employee is directed in the
employee's employment to proceed
from one place to another place . . . .


Tex. Lab. Code Ann. § 401.011(12) (Vernon 2007). The Texas Supreme Court has
stated, "In general, injuries which occur while the employee is traveling to or from
work are not compensable under the [Worker's Compensation] Act." Evans v. Ill.
Employers Ins. of Wausau, 790 S.W.2d 302, 304 (Tex. 1990); see Tex. Lab. Code
Ann. § 401.011(12)(A). However, when an employee is on a "special mission," that
is, when "the employee is directed in the employee's employment to proceed from
one place to another place," the employee is acting within the course and scope of
employment, and injuries suffered while on the special mission are compensable.
Evans, 790 S.W.2d at 304; see Tex. Lab. Code Ann. § 401.011(12)(A)(iii). The fact
that an employee is directed to report to work at a different time or a different
location is, alone, not enough to establish the employee was on a special mission. 
Evans, 790 S.W.2d at 304.

 "[B]ecause they retain their status as peace officers twenty-four hours a day,
making the distinction between compensable or non-compensable injuries may be
more difficult than cases involving other citizens." Blackwell v. Harris County, 909
S.W.2d 135, 139 (Tex. App.--Houston [14th Dist.] 1995, writ denied). The
Fourteenth Court of Appeals used a test "that turns on one basic inquiry: in what
capacity was the officer acting at the time [of the injury]?" Id. The court further
noted that the inquiry is generally a fact issued to be decided on a case-by-case basis. 
Id. at 140.

 C. Analysis 

 Hinojosa testified that, after he signed in as the sergeant on call, he could not
ignore Deputy Crow's request for supervision and assistance. When he received the
call from Deputy Crow and responded to that call, Hinojosa was working in his
capacity as sergeant on call for Precinct One. Hinojosa expected to be compensated
for responding to Deputy Crow's call, as he had been compensated in similar
situations in the past.

 Sergeant Elkin testified that Precinct One did not have a sergeant on duty on
Saturday mornings, and it was therefore standard procedure to have a sergeant on call
in the event a fellow officer needed a supervisor. Elkin also testified that it was
Hinojosa's job as the sergeant on call to respond to Deputy Crow's call. Elkin stated
that once Hinojosa responded to a call from a deputy asking for assistance, he was
working in the course and scope of his employment. Elkin further testified that
Hinojosa would expect to be compensated for the time spent responding to Deputy
Crow's call.

 Lieutenant Marroquin, the patrol division lieutenant and a peace officer of 20
years, testified that, in his opinion, Hinojosa, as the sergeant on call on the day of his
accident, was on duty and entitled to be paid once he responded to the call from
Deputy Crow. Marroquin stated that because Hinojosa was on duty and performing
police work for the Constable's Office, Hinojosa was acting in the course and scope
of his employment.

 Chief Baker, the chief of the patrol division for Precinct One, testified that an
off-duty officer who is signed in for duty becomes on duty once that officer accepts
a call for assistance. Chief Baker testified that, based on the facts of this case, he
believed Hinojosa was working at the time of his accident.

 The County contends that the evidence conclusively establishes that Deputy
Crow called for assistance on a "civil standby." Chief Michael Butler of Precinct One
testified that a "civil standby" is "when an officer is basically called to come out
basically to make sure there is no breach of the peace." Butler also stated it is against
department policy for officers to become involved in a civil standby without a warrant
or court order. The County contends that Crow was ordered to participate in a civil
standby and that Hinojosa was responding to a civil standby--which, according to
Butler, is not county business. However, despite this contrary evidence, both
Hinojosa and Elkin testified that Crow was not asked to perform a civil standby. 
Hinojosa testified that it was his understanding that Crow was to assist with a
voluntary mental health commitment, which the constables's office had assisted with
in the past. 

 Because the record contains some evidence from which a reasonable trier of
fact could conclude Hinojosa was on duty and acting within the course and scope of
his employment, legally sufficient evidence supports the judgment. See Blackwell,
909 S.W.2d at 139 ("An officer's duty under the law is frequently, and sometimes the
only, basis for determining when he is in the 'course of employment.'"). Similarly, 
reviewing the evidence, we cannot conclude that the judgment is contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. 
Therefore, the evidence is factually sufficient. See id.

 The Department's appeals panel relied on Evans in its determination that
Hinojosa was not acting within the course and scope of his employment, and the
County asserts Evans is so factually similar as to be controlling in this case. See
Evans, 790 S.W.2d at 305. In Evans, the supreme court held the evidence showed the
employees "were outside the course and scope of their employment--merely being
on their way to work" at the time of the accident. Id. The employees, on the Friday
before the accident, were instructed to attend a safety meeting the following Monday
morning. Id. at 303. The employees were entitled to pay when they reported to the
safety meeting. Id. Monday morning, on their way to the meeting, they collided with
a train, killing one employee and paralyzing the other. Id. The employees asserted
they did not fall within the "coming and going rule" because they were on a special
mission--as evidenced by their instructions to report to a safety meeting at an earlier
start time and a different location from their normal job. Id. at 304. The supreme
court stated,

 When [the employees] left work on Friday, they were free to do
what they wished on the weekend, not subject to the demands of their
employer. However, on Monday morning, both men had to return to
work from wherever they happened to be. Since the trip home (on
Friday) was made for purely personal reasons, the return trip to work
was not made in the furtherance of the affairs of their employer,
Railroad Builders. 


 Had [the employees] been injured while en route from the safety
meeting to the primary work site (at Range Creek), these injuries would
have been covered by the Act. However, since neither of them had
begun work, their injuries fall squarely within the "coming and going"
rule and they are thereby precluded from recovering workers'
compensation benefits. If other factors are not found to be special, then
the employee must have been actually working as he traveled down the
road in order for an injury to be compensable. The safety meetings were
not "special missions" but rather a regularly scheduled part of each
employee's job.


Id. at 304-05.

 In contrast to Evans, Hinojosa was doing more than reporting to work at a
different time and place. See id. Hinojosa had signed on for work before he
responded to the call for assistance. Several officers testified that Hinojosa was
required to respond to Deputy Crow's request for assistance and he was on duty when
he responded. Because the evidence supports the finding that Hinojosa was
responding to a call for assistance while on duty--and thus in the course and scope
of his employment--this case is distinguishable from Evans. See Blackwell, 909
S.W.2d at 139 ("An officer's duty under the law is frequently, and sometimes the
only, basis for determining when he is in the 'course of employment.'"). 

 We overrule the County's first and second issues.

 Conclusion


 Because legally and factually sufficient evidence supports the trial court's
judgment, we affirm the judgment of the trial court.



 Elsa Alcala

 Justice

 

Panel consists of Justices Jennings, Alcala, and Higley.