**HARRIS COUNTY, Appellant,**

v.

**Eluid HINOJOSA, Appellee.**

No. 01–08–00439–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 2, 2009.

Rehearing Overruled Sept. 9, 2009.

---

Timothy K. Singley, Vaughan E. Waters, Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C., San Antonio, TX, for appellant.

Benny Agosto, Chelsie King–Garza, Abraham, Watkins, Nichols, Sorrels & Friend, Noe Moreno, Law Office of Ruben Rendon, P.L.L.C., Houston, TX, for appellee.

Panel consists of Justices JENNINGS, ALCALA, and HIGLEY.

## OPINION

ELSA ALCALA, Justice.

Appellant, Harris County, appeals the judgment of the trial court rendered in favor of appellee, Eluid Hinojosa, after a bench trial. The bench trial concerned Hinojosa's appeal of a decision of the Appeals Panel of the Texas Department of Insurance—Worker's Compensation Division ("the Department"), in which the Department determined he was not acting in the course and scope of his employment when he was injured in a motor vehicle accident. In two issues, the County contends the evidence is legally and factually insufficient to establish Hinojosa was acting in the course and scope of his employment. We conclude the evidence is legally and factually sufficient to support the trial court's judgment. We affirm.

### Background

Hinojosa was a sergeant in the Harris County Constable's Office. He was an advanced accident investigator and reconstructionist. Hinojosa was also an instruc-

tor in police motorcycle operations, including high-speed chase operations. Hinojosa worked the patrol division of Precinct 1, where he had worked for three and one-half years.

On the day of his accident, which was a Saturday, Hinojosa was scheduled to begin his shift at 2:00 p.m. On Saturday mornings, Precinct One did not have a sergeant on duty. The sergeant on call was available to be called to a scene or to assist or supervise deputies on duty.

At 10:00 a.m., Hinojosa signed on as the sergeant on call. After signing on, Hinojosa and several other officers worked escorting funeral processions. Later that morning, between 11:20 and 11:55 a.m., Hinojosa received a call from Deputy Crow, requesting Hinojosa's assistance as the sergeant on call for Precinct 1. Hinojosa made arrangements to meet with Crow at a coffee shop. On his way to the coffee shop, Hinojosa was involved in an accident and was injured.

The original hearing officer with the Department found that Hinojosa was injured in the course and scope of his employment and that he suffered disability as a result of the accident. The hearing officer's decision was reversed by the Department's appeals panel, which found for the County. The appeals panel reasoned that after he received the call from Deputy Crow, Hinojosa was, at most, simply on his way to work when he was injured. Hinojosa appealed the adverse decision to district court. After a bench trial, the trial court rendered judgment for Hinojosa, stating that he was injured in the course and scope of his employment and reinstating the decision of the hearing officer.

### Course and Scope of Employment

In its first issue, the County contends the trial court erred by entering judgment in favor of Hinojosa because the evidence is legally insufficient to support the judgment. Specifically, the County contends the trial court erred because the evidence conclusively establishes as a matter of law that Hinojosa was not acting in the course and scope of his employment at the time of the accident. In its second issue, the County challenges the factual sufficiency of the evidence.

### A. Standards of Review for Sufficiency of Evidence

"The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005). Legal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *Id.* If the evidence would enable reasonable and fair-minded people to differ in their conclusions, then jurors must be allowed to do so. *Id.* at 822. A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement. *Id.* Although the reviewing court must consider evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it, if the evidence allows only one inference, neither jurors nor the reviewing court may disregard it. *Id.*

"In determining factual sufficiency, this Court weighs all the evidence, both supporting and conflicting, and may set the finding aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Whaley v. Cent. Church of Christ*, 227 S.W.3d 228, 231 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Comm'n*

*of Contracts v. Arriba Ltd.,* 882 S.W.2d 576, 582 (Tex.App.-Houston [1st Dist.] 1994, no writ)). "In an appeal from a bench trial, we may not invade the fact-finding role of the trial court, which alone determines the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony." *Id.* (citing *Nordstrom v. Nordstrom,* 965 S.W.2d 575, 580–81 (Tex.App.-Houston [1st Dist.] 1997, pet. denied)).

### B. Applicable Law

■ The Texas Labor Code provides, in pertinent part,

"Course and scope of employment" means an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes an activity conducted on the premises of the employer or at other locations. The term does not include:

(A) transportation to and from the place of employment unless:

. . .

(iii) the employee is directed in the employee's employment to proceed from one place to another place. . . .

TEX. LAB.CODE ANN. § 401.011(12) (Vernon 2007). The Texas Supreme Court has stated, "In general, injuries which occur while the employee is traveling to or from work are not compensable under the [Worker's Compensation] Act." *Evans v. Ill. Employers Ins. of Wausau,* 790 S.W.2d 302, 304 (Tex.1990); *see* TEX. LAB.CODE ANN. § 401.011(12)(A). However, when an employee is on a "special mission," that is, when "the employee is directed in the employee's employment to proceed from one place to another place," the employee is acting within the course and scope of employment, and injuries suffered while on the special mission are compensable. *Evans,* 790 S.W.2d at 304; *see* TEX. LAB.CODE ANN. § 401.011(12)(A)(iii). The fact that an employee is directed to report to work at a different time or a different location is, alone, not enough to establish the employee was on a special mission. *Evans,* 790 S.W.2d at 304.

"[B]ecause they retain their status as peace officers twenty-four hours a day, making the distinction between compensable or non-compensable injuries may be more difficult than cases involving other citizens." *Blackwell v. Harris County,* 909 S.W.2d 135, 139 (Tex.App.-Houston [14th Dist.] 1995, writ denied). The Fourteenth Court of Appeals used a test "that turns on one basic inquiry: in what capacity was the officer acting at the time [of the injury]?" *Id.* The court further noted that the inquiry is generally a fact issued to be decided on a case-by-case basis. *Id.* at 140.

### C. Analysis

■ Hinojosa testified that, after he signed in as the sergeant on call, he could not ignore Deputy Crow's request for supervision and assistance. When he received the call from Deputy Crow and responded to that call, Hinojosa was working in his capacity as sergeant on call for Precinct One. Hinojosa expected to be compensated for responding to Deputy Crow's call, as he had been compensated in similar situations in the past.

Sergeant Elkin testified that Precinct One did not have a sergeant on duty on Saturday mornings, and it was therefore standard procedure to have a sergeant on call in the event a fellow officer needed a supervisor. Elkin also testified that it was Hinojosa's job as the sergeant on call to respond to Deputy Crow's call. Elkin

stated that once Hinojosa responded to a call from a deputy asking for assistance, he was working in the course and scope of his employment. Elkin further testified that Hinojosa would expect to be compensated for the time spent responding to Deputy Crow's call.

Lieutenant Marroquin, the patrol division lieutenant and a peace officer of 20 years, testified that, in his opinion, Hinojosa, as the sergeant on call on the day of his accident, was on duty and entitled to be paid once he responded to the call from Deputy Crow. Marroquin stated that because Hinojosa was on duty and performing police work for the Constable's Office, Hinojosa was acting in the course and scope of his employment.

Chief Baker, the chief of the patrol division for Precinct One, testified that an off-duty officer who is signed in for duty becomes on duty once that officer accepts a call for assistance. Chief Baker testified that, based on the facts of this case, he believed Hinojosa was working at the time of his accident.

The County contends that the evidence conclusively establishes that Deputy Crow called for assistance on a "civil standby." Chief Michael Butler of Precinct One testified that a "civil standby" is "when an officer is basically called to come out basically to make sure there is no breach of the peace." Butler also stated it is against department policy for officers to become involved in a civil standby without a warrant or court order. The County contends that Crow was ordered to participate in a civil standby and that Hinojosa was responding to a civil standby—which, according to Butler, is not county business. However, despite this contrary evidence, both Hinojosa and Elkin testified that Crow was not asked to perform a civil standby. Hinojosa testified that it was his understanding that Crow was to assist with a voluntary mental health commitment, which the constables' office had assisted with in the past.

Because the record contains some evidence from which a reasonable trier of fact could conclude Hinojosa was on duty and acting within the course and scope of his employment, legally sufficient evidence supports the judgment. *See Blackwell,* 909 S.W.2d at 139 ("An officer's duty under the law is frequently, and sometimes the only, basis for determining when he is in the 'course of employment.' "). Similarly, reviewing the evidence, we cannot conclude that the judgment is contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Therefore, the evidence is factually sufficient. *See id.*

The Department's appeals panel relied on *Evans* in its determination that Hinojosa was not acting within the course and scope of his employment, and the County asserts *Evans* is so factually similar as to be controlling in this case. *See Evans,* 790 S.W.2d at 305. In *Evans,* the supreme court held the evidence showed the employees "were outside the course and scope of their employment—merely being on their way to work" at the time of the accident. *Id.* The employees, on the Friday before the accident, were instructed to attend a safety meeting the following Monday morning. *Id.* at 303. The employees were entitled to pay when they reported to the safety meeting. *Id.* Monday morning, on their way to the meeting, they collided with a train, killing one employee and paralyzing the other. *Id.* The employees asserted they did not fall within the "coming and going rule" because they were on a special mission—as evidenced by their instructions to report to a safety meeting at an earlier start time and a different location from their normal job. *Id.* at 304. The supreme court stated,

When [the employees] left work on Friday, they were free to do what they wished on the weekend, not subject to the demands of their employer. However, on Monday morning, both men had to return to work from wherever they happened to be. Since the trip home (on Friday) was made for purely personal reasons, the return trip to work was not made in the furtherance of the affairs of their employer, Railroad Builders.

Had [the employees] been injured while en route from the safety meeting to the primary work site (at Range Creek), these injuries would have been covered by the Act. However, since neither of them had begun work, their injuries fall squarely within the "coming and going" rule and they are thereby precluded from recovering workers' compensation benefits. If other factors are not found to be special, then the employee must have been actually working as he traveled down the road in order for an injury to be compensable. The safety meetings were not "special missions" but rather a regularly scheduled part of each employee's job.

*Id.* at 304–05.

In contrast to *Evans,* Hinojosa was doing more than reporting to work at a different time and place. *See id.* Hinojosa had signed on for work before he responded to the call for assistance. Several officers testified that Hinojosa was required to respond to Deputy Crow's request for assistance and he was on duty when he responded. Because the evidence supports the finding that Hinojosa was responding to a call for assistance while on duty—and thus in the course and scope of his employment—this case is distinguishable from *Evans. See Blackwell,* 909 S.W.2d at 139 ("An officer's duty under the law is frequently, and sometimes the only,

basis for determining when he is in the 'course of employment.' ").

We overrule the County's first and second issues.

## Conclusion

Because legally and factually sufficient evidence supports the trial court's judgment, we affirm the judgment of the trial court.